## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILROAD CO. *v.* SOUTHERN EXPRESS COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Decided January 29th, 1883.

*Appeal—Equity—Final Decree—Supplemental Order.*

1. A decree is final, for the purposes of appeal, when it terminates the litigation between the parties on the merits, and leaves nothing to be done but enforce by execution what has been determined.
2. Matters relating to the administration of the cause, and accounts to be settled in accordance with the principles fixed by the decree are incidents of the main litigation which may be settled by supplemental order after final decree.

Motion to dismiss an appeal. The facts necessary for understanding the merits of the motion are stated thus by the court.

The Southern Express Company, an express carrier, filed its bill in equity against the St. Louis, Iron Mountain & Southern Railway Company, in the Circuit Court for the Eastern District of Missouri, to enjoin the railway company from interfering with or disturbing the express company in the enjoyment of the facilities it then had for the transaction of its express business over the railway company's railroad, so long as the

express company conformed to the regulations of the railway company and paid all lawful charges for the business.   A preliminary injunction was asked for, and, in this connection, the bill prayed that if any dispute or disagreement should arise between the parties during the pendency of the suit, upon the question of compensation to be paid for transportation, the express company might be permitted to bring the same before the court for decision by way of an interlocutory application. On the filing of the bill the preliminary injunction was granted, which was afterwards modified in some particulars affecting the compensation to be paid and the mode of doing the business.

On the 25th of March, 1882, the court entered a decree containing the following provisions :

" V.—That it is the duty of the defendant to carry the express matter of the plaintiff's company, and the messengers or agents in charge thereof, at a just and reasonable rate of compensation, and that such rate of compensation is to be found and established as a unit, and is to include as well the transportation of such messengers or agents as of the express matter in their custody and under their control.

" X.—Whereas it is alleged by complainant that since the commencement of this suit and the service of the preliminary order of injunction herein, the defendant has, in violation of said injunction and of the rights of complainant, made unjust discriminations against complainant, and has charged complainant unjust and unreasonable rates for carrying express matter, therefore it is ordered that complainant have leave hereafter to apply for an investigation of these and similar allegations, and for such order with respect thereto as the facts, when ascertained, may justify, and for the appointment of a master to take proof and report thereon.

" XI.—That the defendant, its officers, agents, servants, and employees, and all persons acting under their authority, be, and they hereby are, permanently and perpetually enjoined and restrained from interfering with or disturbing in any manner the enjoyment by the plaintiff of the facilities provided for in this decree, to be accorded to it by the said defendant upon its lines of railway, or such as have been heretofore accorded to it for the

transaction of the business of the plaintiff and of the express business of the public confided to its care, and from interfering with any of the express matter or messengers of the plaintiff, and from excluding or ejecting any of its express matter or messengers from the depots, trains, cars, or lines of the said defendant as the same are by this decree directed to be permitted to be enjoyed and occupied by the said plaintiff, and from refusing to receive and transport in like manner as the said defendant is now transporting, or as it may hereafter transport for itself or for any other express company over its lines of railway, the express matter and messengers of the said plaintiff, and from interfering with or disturbing the business of the said plaintiff in any manner, whatsoever, the said plaintiff paying for the services performed for it by the defendant monthly, as herein prescribed, at a rate not exceeding fifty per centum more than its prescribed rates for the transportation of ordinary freight, and not exceeding the rate at which it may itself transport express matter on its own account or for any other express or other corporation, or for private individuals, reserving to either party a right, at any time hereafter, to apply to this court, according to the rules in equity proceedings, for a modification of this decree as to the measure of compensation herein prescribed.

"It is further ordered, adjudged, and decreed that the defendant pay the costs to be taxed herein, and that an execution or a fee bill issue therefor."

On the 29th of March, the railway company prayed an appeal, which was allowed, and on the 15th of May perfected by the approval of the necessary bond.  During the same term of the court, but after the appeal bond was accepted and approved, the express company moved the court to grant it the benefit of a reference authorized by sections V. and X. of the decree, and a master was appointed to inquire into and report on the matters alleged.

The cause having been duly docketed here, the express company moved to dismiss the appeal, on the ground that the decree appealed from was not a final decree.

*Mr. John F. Dillon* and *Mr. Wager Swayne* filed a brief for the railroad company, citing *Ray* v. *Law*, 1 Cranch C. C. 349 ;

*Forgay* v. *Conrad*, 6 How. 201; *Thomson* v. *Dean*, 7 Wall. 342; *French* v. *Shoemaker*, 12 Wall. 86, 98; *Stovall* v. *Banks*, 10 Wall. 583, 587; 2 Daniel's Chancery Practice, 641; *Mills* v. *Hoag*, 7 Paige, 19.

Mr. *Broadhead* and Mr. *Hœussler* filed a brief for the same, citing in addition *Barnard* v. *Gibson*, 7 How. 650, 657; *Whiting* v. *Bank of the United States*, 13 Pet. 6, 15; *Railroad Company* v. *Swasey*, 23 Wall. 405; *Green* v. *Fisk*, 103 U. S. 518; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Bronson* v. *Railroad Company*, 2 Black, 524, 531.

Mr. *Glover*, Mr. *Shepley*, Mr. *S. M. Breckenridge*, Mr. *Clarence A. Seward*, and Mr. *F. E. Whitfield* filed briefs for the motion, contending, I. The appeal is a matter of statutory right, and in equity lies from final decrees only, Rev. St. § 692, and the court can proceed only as the law prescribes. *Barry* v. *Mercein*, 5 Howard, 103, 119; *Durousseau* v. *United States*, 6 Cranch, 307, 314; *United States* v. *Curry*, 6 How. 106, 113; *Ex parte Vallandingham*, 1 Wall. 243, 251; *United States* v. *Young*, 94 U. S. 258. II. The motion may properly be made at this time. *Clark* v. *Hancock*, 94 U. S. 493; *Ex parte Russell*, 13 Wall. 664, 671; *National Bank* v. *Insurance Company*, 100 U. S. 43. III. The motion is based upon the record, and in part upon certificates of the clerk of the court below, which show that proceedings have been taken in the court below since the decree appealed from. The court should receive these in support of the motion. *Hudgins* v. *Kemp*, 18 How. 530, 534; *Ex parte Bradstreet*, 7 Pet. 634; *Rush* v. *Parker*, 5 Cranch, 287; *Richmond* v. *Milwaukee*, 21 How. 391; *The Grace Girdler*, 6 Wall. 441; *Cook* v. *Moffatt*, 5 How. 295; *Lord* v. *Veazie*, 8 How. 251; *Cleveland* v. *Chamberlain*, 1 Black, 419; *Wood Paper Company* v. *Heft*, 8 Wall. 333; *United States* v. *The Peggy*, 1 Cranch, 103; *Portland Company* v. *United States*, 15 Wall. 1; *Selma, &c., Railroad Company* v. *Bank*, 94 U. S. 253; *United States* v. *Ayres*, 9 Wall. 608; *United States* v. *Crissell*, 12 Wall. 175; *United States* v. *Young*, 94 U. S. 258. IV. They show that the decree appealed from was not final. The pleadings presented two issues, 1st. Whether the railways were

obliged to do the transportation; 2d: What was a reasonable compensation for it. The first only was decided by the decree appealed from. The second was also a question of law. *Union Company* v. *United States*, 104 U. S. 667. What is and what is not a final judgment is discussed in *Young* v. *Grundy*, 6 Cranch, 51; *Houston* v. *Moore*, 3 Wheat. 433; *Gibbons* v. *Ogden*, 6 id. 448; *The Palmyra*, 10 id. 502; *The Santa Maria*, 10 id. 431, 444; *Chace* v. *Vasquez*, 11 id. 429; *Canter* v. *American Insurance Company*, 3 Peters, 307; *Brown* v. *Swan*, 9 id. 1; *Young* v. *Smith*, 15 id. 287; *Forgay* v. *Conrad*, 6 How. 201; *Perkins* v. *Fourniquet*, 6 id. 206; *Pulliam* v. *Christian*, 6 id. 209; *Barnard* v. *Gibson*, 7 id. 650; *United States* v. *Girault*, 11 id. 22, 32; *Fourniquet* v. *Perkins*, 16 id. 82; *Craighead* v. *Wilson*, 18 id. 199; *Beebe* v. *Russell*, 19 id. 283; *Farrelly* v. *Woodfolk*, 19 id. 288; *Humiston* v. *Stainthorp*, 2 Wall. 106; *Thomson* v. *Dear*, 7 id. 342; *Railroad Company* v. *Swasey*, 23 id. 405. These cases show that the policy of the law and the decisions of the court are alike adverse to fragmentary appeals. The practice in patent cases may be referred to. V. The decree appealed from was pronounced at the March term of court in 1882. In June, 1882, at the same term, a further decree was made modifying the decree appealed from. This being done at the same term of court, was done while the court had control of the case, *Railroad Company* v. *Bradleys*, 7 Wall. 575; *Bassett* v. *United States*, 9 Wall. 38; *Ex parte Lange*, 18 Wall. 163; *Bronson* v. *Shulten*, 104 U. S. 410, 415, and operated to reopen the previous decree, and let in proof material to the issues, and requiring further action of the court.

Mr. Chief Justice Waite delivered the opinion of the court. After stating the facts in the language above cited, he continued:

As we have had occasion to say at the present term, in *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, and *Grant* v. *Phœnix Insurance Company*, 106 U. S. 429, a decree is final, for the purposes of an appeal to this court, when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been

determined. Under this rule we think the present decree is final. The suit was brought to compel the railway company to do the express company's business. The controversy was about the right of the express company to require this to be done on the payment of lawful charges. It was no part of the object of the suit to have it definitely settled what these charges should be for all time. The point was to establish the liability of the railway company to carry. The decree requires the carriage, and fixes the compensation to be paid. It adjudges costs against the railway company, and awards execution. Nothing more remains to be done by the court to dispose of the case. Inasmuch as the rates properly chargeable for transportation vary according to circumstances, and what was reasonable when the decree was rendered may not always continue to be so, leave is given the parties to apply for a modification of what has been ordered in that particular if they, or either of them, shall desire to do so. In effect the decree requires the railway company to carry for reasonable rates, and fixes for the time being the maximum of what will be reasonable.

The controversy which the express company has had referred to the master, about the compensation to be paid for the transportation during the pendency of the suit, does not enter into the merits of the case. All such matters relate to the administration of the cause, and the accounts to be settled under the present order are of the same general character as those of a receiver who holds property awaiting the final disposition of a suit. They are incidents of the main litigation, but not necessarily a part of it. The supplemental order, made after the decree, relates only to the settlement of the accounts which accrued pending the suit.

*The motion to dismiss is denied.*