## TEXAS EMPLOYERS' INS. ASS'N v. MULLICAN et al. (No. 1074.)

(Court of Civil Appeals of Texas. Beaumont. March 20, 1924.).

**Master and servant ⊜417(9)—Final judgment for compensation without provision for review error.**

On finding of permanent partial incapacity of 80 per cent. it was error to enter final judgment thereon and overrule motion to retain jurisdiction of claim and administer it under Workmen's Compensation Act, § 12d (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25), providing that board at any time within compensation period may review award or change or revoke its previous order.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Action by H. W. Mullican and others against the Texas Employers' Insurance Association. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Morris, Sewell & Morris, of Houston, for appellant.

Campbell & Murphy, of Houston, for appellees.

WALKER, J. In this case, arising under our Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, Arts. 5246—1 to 5246—91) the court found certain facts establishing liability against appellant in favor of appellees for the statutory compensation. As in our judgment the evidence fully sustains his findings of liability, we overrule all assignments attacking the court's judgment on the ground that it is not supported by the evidence or against the great weight and preponderance of the evidence.

On a finding of a permanent partial incapacity of 80 per cent. the court entered a final judgment for the statutory compensation on such findings, with execution, as at common law, and refused and overruled appellant's motion to retain jurisdiction of the claim and administer it under article 5246—25, Vernon's Ann. Civ. St. Supp. 1918 (section 12d, Workmen's Compensation Act), which is as follows:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this act, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

In disposing of the point involved in appellant's motion, we said in Western Indemnity Co. v. Corder, 249 S. W. 316:

"Again, the judgment of the court in this case fully liquidated the appellee's claim for compensation on the theory of total incapacity, and made no provision for a review of the facts should appellee's condition improve in the future so as to relieve him of total incapacity. Except when a lump sum is awarded, or when total incapacity is based on the provisions of article 5246—20, Complete Texas Statutes or Vernon's Ann. Civ. St. Supp. 1918, the judgment of the court should not be so worded as to prevent a future inquiry into the condition of the injured employé, but the court should retain jurisdiction so as to do justice to both parties within the spirit of the Compensation Act. It might happen that a slight injury would develop into a total incapacity, and a jury's finding of partial incapacity should not bar the beneficiary from his rightful compensation. Again, on the trial the facts might fully sustain a finding of total incapacity, and yet within a few months the condition of the beneficiary might substantially improve so as to relieve him of that infirmity. When a compensation case has been removed from the jurisdiction of the Accident Board, in our judgment the courts should administer it as the Board would had it retained jurisdiction. This was the effect of our order in U. S. Fidelity & Guaranty Co. v. Parker (Tex. Civ. App.) 217 S. W. 195."

From this proposition thus announced in the Corder Case we think the court erred in overruling appellant's motion. It is therefore our order that the judgment of the trial court be reformed so as to permit and require it to administer this claim in accordance with article 5246—25, supra, and as so reformed it is affirmed. The costs of this appeal will be taxed against appellees.