GARRETT ET AL. *v*. HAGAN.

(Decided May 20, 1929.)

*Messrs. Williams, Sohngen, Fitton & Beeler* and *Mr. Warren Gard,* for plaintiffs.

*Mr. Karl Clark* and *Mr. Ben Bickley,* for defendant.

CUSHING, J. The action in the court of common pleas was for specific performance of a contract with reference to real estate. Judgment was entered in that court, and the case was appealed to this court.

A motion is made to dismiss the appeal, on the ground that no motion for a new trial was filed in the court of common pleas. Counsel for movant cite numerous cases, but none of them are in point. The Constitution of Ohio vests in the Court of Appeals appellate jurisdiction in the trial of chancery cases. Section 6, Article IV. This means a removal of the cause from the court of common pleas to the Court of Appeals, for the purpose of obtaining a trial *de novo*.

It has been held that a decree is final, for the purpose of appeal, when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. *St. Louis, I. M. & S. Rd. Co.* v. *Southern Express Co.,* 108 U. S., 24, 2 S. Ct. 6, 27 L. Ed., 638. The final determination of the cause in the court of common pleas was made when that court entered its decree or judgment. It was not necessary that all or any of the evidence heard in that court should be introduced in the Court of Appeals. Such evidence could be introduced as counsel desired.

A motion for a new trial is necessary in an error proceeding, when it becomes necessary for the court to review the evidence on which the trial court acted; but an appeal brings the case into this court for a trial *de novo,* and it is taken from the decree. The motion to dismiss the appeal will, therefore, be overruled.

*Motion overruled.*

Ross and HAMILTON, JJ., concur.