Paul SAUTER and Ruthann Mongan

v.

ROSS RESTAURANTS, INC., t/a Penalty Box, Appellant,

v.

MERIT INSURANCE COMPANY, Appellee.

No. 81–2221.

United States Court of Appeals, Third Circuit.

Argued March 3, 1982.

Decided March 31, 1982.

---

Lawrence R. Pierce (argued), Philadelphia, Pa., for appellant.

Steinberg & Girsh, Edward L. McCandless, Jr. (argued), Philadelphia, Pa., for appellee.

Before HUNTER, WEIS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

### I.

This is a personal injury action brought by plaintiffs Paul Sauter and Ruthann Mongan in the Eastern District of Pennsylvania against appellant Ross Restaurants, Inc. Ross had purchased from appellee Merit Insurance Company a "Comprehensive General Liability Insurance Policy" which was in effect at the time one of Ross's employees allegedly assaulted both of the plaintiffs. Merit declined to defend or indemnify, and Ross filed a third-party complaint against Merit.

The District Court for the Eastern District of Pennsylvania has established an innovative program for compulsory arbitration of most of the civil cases filed in which the amount at issue is less than $50,000.00.

After a complaint is filed the matter is referred to a panel of three arbitrators who, after hearing, decide all issues of fact and law. If no party appeals the arbitrators' decision to the district court within twenty days the court enters judgment on the award. Local Rule 8(6), E.D.Pa.

This case was referred to arbitration on January 19, 1981, and on April 30, 1981 the arbitration panel awarded plaintiff Sauter $25,000.00 and plaintiff Mongan $8,000.00 against defendant Ross. The panel also awarded Ross recovery over against Merit. Merit then timely appealed to the district court.

Local Rule 8(7), E.D.Pa., which governs appeals from arbitration, provides in part as follows (emphasis supplied):

Trial De Novo

(a) Within twenty days after the filing of the arbitration award with the court, *any party may demand a trial de novo* in the district court. Written notification of such a demand shall be served by the moving party upon all counsel of record or other parties.

(b) *Upon a demand for a trial de novo, the action shall be placed on the calendar of the court and treated for all purposes as if it had not been referred to arbitration*, and any right of trial by jury that a party would otherwise have shall be preserved inviolate.

(c) At the trial *de novo* the court shall not admit evidence that there has been an arbitration proceeding, the nature or amount of the award, or any other matter concerning the conduct of the arbitration proceeding, except that testimony given at an arbitration hearing may be used for impeachment at a trial *de novo*.

On May 19, 1981, after the case had been returned to the district court docket, the court granted a motion for summary judgment filed by Merit.[1] The court held that,

---

1. Merit's motion for summary judgment was filed on February 9, 1981, after the case had been referred to arbitration. Local Rule 8(4)(a)(1) provides in part:

In the event that a party has filed a motion for judgment on the pleadings, summary judgment or similar relief, the case shall not be referred to arbitration until the court has ruled on the motion, but the filing of such a motion after referral shall not stay the arbitration unless the judge so orders.

under the unambiguous terms of the policy issued by Merit, the plaintiffs' claims against Ross were not covered. The district court did not enter judgment on its order under Rules 54(b) and 58, F.R.Civ.P.

Ross appeals to this court seeking vacation of the district court's order of summary judgment in favor of Merit.

## II.

Because the docket sheet of the district court does not reflect the entry of judgment in favor of any party or against any party on any claim, this court *sua sponte* raised the question of appellate jurisdiction. Merit and Ross [2] assert that jurisdiction is conferred by 28 U.S.C. § 1291, which provides for appeal to this court from any "final decision" of the district court.[3]

Ross concedes the absence of a formal judgment below, but argues that the decision of the district court was nevertheless final for purposes of § 1291. Ross asserts that both it and the plaintiffs were satisfied with the arbitration award; that only Merit appealed to the district court; and that either affirmance or reversal of the grant of summary judgment in favor of Merit will fix the obligations of the parties and effectively end the case. Ross also suggests that our *declining* jurisdiction would force Ross and the plaintiffs to proceed to a trial which neither side wants and which would not involve Merit, the party Ross seeks to hold liable.

Merit agrees that a decision by this court in its favor will end the case, but insists upon its right to challenge the plaintiffs' claims at a trial in the district court if this court were to find it liable for coverage under the policy.

We disagree with both parties, and will dismiss the case for lack of jurisdiction. We are mindful that "the requirement of finality is to be given a 'practical rather than a technical construction.'" *In Re Grand Jury Proceedings (U.S. Steel)*, 525 F.2d 151, 155 (3d Cir. 1975), *quoting Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Nevertheless, we are not empowered to re-write the statute conferring our jurisdiction. Admittedly, some friendly advice from us on the legal effect of the insurance policy would perhaps help these parties settle their differences, but Congress has never put us in the business of dispensing such advice.

We take Local Rule 8(7) to mean what it so plainly says: "*any* party may demand a trial *de novo* [after arbitration] . . . Upon a demand for trial *de novo* the action shall be placed upon the calendar of the court and treated for *all* purposes as if it had not been referred to arbitration . . ." (emphasis supplied). The effect of Local Rule 8(7) is that we are reviewing a district court record on which the claims of the plaintiffs, brought before the district court for *all* purposes, are yet to be determined. Ross says that both it and the plaintiffs are satisfied with the arbitration award, but under the clear terms of Local Rule 8(7) there is now no award, much less a judgment of record, with which to be satisfied or dissatisfied.

Perhaps the drafters of the Local Rule could have provided that, in a case involving multiple claims and parties, any segregable part of an arbitration award *not* appealed from by the aggrieved party would become part of the overall final judgment in the case. Nevertheless the Rule does not provide for such segmentation. As drafted, it permits any party to nullify the arbitration award as to all other parties simply by

---

The district court did not stay arbitration pending consideration of Merit's motion. Thus Merit was obliged to appeal to the district court after arbitration to have its motion considered by the court. Otherwise the decision of the arbitrators would have become final for all purposes. Local Rule 8(6), E.D.Pa.

**2.** The plaintiffs, Sauter and Mongan, are not parties to this appeal.

**3.** 28 U.S.C. § 1291 provides in full:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

appealing to the district court. Ross apparently assumes that its dispute with the plaintiffs is over, but until a judgment is entered on the plaintiffs' claims, either by consent or otherwise, it quite clearly is not. Nor indeed could the dispute between Ross and Merit be considered resolved at this stage without an entry of judgment under Rules 54(b) and 58 upon the district court's grant of summary judgment in favor of Merit.

A final decision, for purposes of § 1291, "terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." *St. Louis Iron Mountain and Southern Railway v. South Express Co.*, 108 U.S. 24, 28–9, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883); *In Re Beef Industry Antitrust Litigation*, 607 F.2d 167, 181–2 (5th Cir. 1979). The record in this case shows claims yet to be resolved in the district court, and no certification under Rule 54(b), F.R.Civ.P.[4]

We will therefore dismiss the matter for lack of appellate jurisdiction.