**Dawn Marie SATKOWIAK,
Plaintiff–Appellant,**

v.

**BAY COUNTY SHERIFF'S DEPARTMENT and Candice S. Miller, Defendants–Appellees.**

**No. 00–1561.**

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2002.

Before BOGGS, COLE, Circuit Judges, and BELL,* District Judge.

### OPINION

COLE, Circuit Judge.

Plaintiff Dawn Marie Satkowiak sued the Bay County, Michigan Sheriff's Department and Candice S. Miller, the Secretary of State of Michigan under 42 U.S.C. § 1983 for deprivations of liberty and property without due process because during her boyfriend's arrest for driving her

vehicle while intoxicated, two Bay County deputy sheriffs replaced the metal license registration plate with a paper license registration plate and Satkowiak was unable to obtain a metal license plate for approximately two months. Defendants moved to dismiss the complaint for failure to state a claim for relief, and the district court dismissed the complaint on that basis. Satkowiak now appeals that dismissal. For the reasons that follow, we **AFFIRM** the district court's dismissal of Satkowiak's complaint.

## I.

Satkowiak's lawsuit arises out of her boyfriend's October 9, 1999 arrest for driving her vehicle while intoxicated. In addition to the arrest, two Bay County deputy sheriffs confiscated the vehicle's metal license plate and issued Satkowiak a paper license plate, as required by Michigan Compiled Law § 257.904c, which Michigan Secretary of State Miller promoted through her office's "Give 'em the Boot" pamphlet.

Satkowiak did not want a paper license plate. On October 11, 1999, after recovering her vehicle from the impoundment yard, Satkowiak visited the Michigan Secretary of State's office in Bay City to obtain a new metal license plate. She was not successful in her efforts because the Secretary of State's office refused to issue a metal license plate until the charges

against Satkowiak's boyfriend were resolved. After several weeks, the Secretary of State's office received a notice of adjudication for Satkowiak's boyfriend's offense and on December 10, 1999, it issued Satkowiak a new metal license plate.

Because she was forced to have a paper license plate for two months, Satkowiak filed a suit under 42 U.S.C. § 1983 against the Bay County Sheriff's Department and Miller, in her individual capacity, for deprivations of liberty and property without due process in violation of the United States Constitution. The Sheriff's Department answered her complaint and then filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (6).[1] The Sheriff's Department argued that it was not a legal entity subject to suit and that Satkowiak was not deprived of a property interest as a result of the license plate substitution. Miller likewise moved for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Satkowiak was not deprived of any due process rights and that Miller was entitled to qualified immunity for her actions.[2] The district court granted defendants' motions, and held that the Sheriff's Department is not a legal entity subject to suit and that Satkowiak did not state claims for deprivations of liberty or property.

Satkowiak appealed the district court's

---

1. Technically, under the Federal Rule of Civil Procedure 12(b), which requires that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted," the Sheriff Department's motion to dismiss under Rule 12(b)(6) should be labeled as a Rule 12(c) motion for judgment on the pleadings since the Sheriff's Department had already filed an answer to the complaint. That technical error has no impact on our review; the same *de novo* standard of review governs Rule 12(c) motions as well as Rule 12(b)(6) motions. *See Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511–12 (6th Cir.2001).

2. Miller also sought dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction under the Eleventh Amendment because she was initially sued in her official capacity. In response to that motion, Satkowiak amended her complaint to sue Miller only in her individual capacity. In light of the amendment, the district court held that the Eleventh Amendment did not bar Satkowiak's individual capacity claims against Miller.

dismissal.[3] On appeal Satkowiak contends that (i) she may properly sue the Sheriff in his official capacity by suing the Sheriff's Department, and (ii) she is an innocent owner and the license plate substitution constituted a deprivation of liberty and property without due process of law. The Sheriff's Department responds by reiterating that it is not a legal entity subject to suit. Miller responds to Satkowiak's appeal by arguing that Satkowiak fails to state a liberty or a property interest, and that qualified immunity shields Miller from suit. We now address those issues.

## II.

Satkowiak appeals the dismissal of her complaint against the Sheriff's Department and Miller. We first consider Miller's arguments that Satkowiak fails to state claims for deprivations of liberty or property. Because we conclude that Satkowiak fails to state claims for either type of deprivation, we affirm the district court's dismissal of the complaint without reaching the Sheriff's Department's capacity-to-be-sued argument.

### A. Standard of Review

A district court's dismissal of a civil rights claim for failure to state a claim for relief under Rule 12(b)(6) is a question of law that we review *de novo*. *See Mertik v. Blalock*, 983 F.2d 1353, 1356 (6th Cir. 1993); *see also Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). In reviewing a complaint for dismissal for failure to state a claim for relief, the complaint is construed liberally in plaintiff's favor and all factual allegations and permissible inferences are accepted as true. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Allard v Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993).

### B. Whether Satkowiak States a Claim for Deprivations of Liberty and Property

Satkowiak sues the Sheriff's Department and Miller under 42 U.S.C. § 1983 for allegedly depriving her of liberty and property interests in violation of the Fourteenth Amendment's Due Process Clause.[4] As the text of the Fourteenth Amendment indicates, a due process violation requires a deprivation of life, liberty, or property.

**3.** The district court's order of dismissal does not state whether the dismissal was with or without prejudice. In such situations, we are guided by Federal Rule of Civil Procedure 41(b), which instructs that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." FED R. CIV. P. 41(B) (emphasis added). For that reason, we interpret the district court's dismissal as a decision on the merits, appealable under 28 U.S.C. § 1291. *See Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377 (1956) ("In general, a 'judgment' or 'decision' is final for purposes of appeal only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'" (quoting *St. Louis, I.M. & S. Ry. Co. v. S. Express Co.*, 108 U.S. 24, 28–29, 2 S.Ct. 6, 27 L.Ed. 638 (1883))).

**4.** To state a claim under § 1983, a plaintiff must allege that (1) the defendants acted under the color of state law and (2) the defendants deprived the plaintiff of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir.2001); *Weberg v. Franks*, 229 F.3d 514, 522 (6th Cir.2000); *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992). Because the parties do not dispute that defendants acted under the color of state law, the only § 1983 issue before us is whether defendants deprived Satkowiak of a federal right.

*See Prater v. City of Burnside, Kentucky,* 289 F.3d 417, 431 (6th Cir.2002) ("To establish either a substantive or procedural due process violation, [plaintiff] must first show that [defendant] deprived it of a constitutionally protected liberty or property interest."). Ultimately, we conclude that Satkowiak fails to allege deprivations of liberty of property and for that reason, her due process claims fail.

### 1. Deprivation of Liberty

Satkowiak claims that forcing her to use a paper license plate for two months after her boyfriend's arrest for drunk driving violates her liberty interest by imposing a sanction of "shame" on her. An injury to a person's reputation, honor, or integrity may form the basis for a deprivation of liberty claim. *See Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971) ("Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and opportunity to be heard are essential."). However, the Fourteenth Amendment's Due Process Clause does not serve as a substitute for state tort law, and it does not protect against every injury to reputation, honor, or integrity. *See Med Corp., Inc. v. City of Lima,* 296 F.3d 404, 414 (6th Cir.2002) ("The Fourteenth Amendment does not transform all tort-law defamation claims against the state into constitutional violations."). Rather, the injury to reputation, honor, or integrity must be accompanied by a loss of a right or status. *See Paul v. Davis,* 424 U.S. 693, 701, 711–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Thus, more is required than simply a state-imposed stigma, there must be a state-imposed stigma as well as a corresponding loss of right or status. *See Quinn v. Shirey,* 293 F.3d 315, 319 (6th Cir.2002) ("Some alteration of a right or status 'previously recognized by state law,' such as employment,

must accompany the damage to reputation." (quoting *Paul v. Davis,* 424 U.S. at 711–12)). Even if Satkowiak's allegation that the issuance of a paper license plate injures her reputation, honor, and integrity, that loss is not accompanied by a deprivation of another right or benefit. Satkowiak has lost none of her state-based rights to drive, *cf. Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), nor does she argue that she has lost some right against compelled speech, *see Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977). For those reasons, Satkowiak's allegations do not satisfy the "stigma-plus" requirement because they fail to identify a valid right or status that has been violated beyond the substitution of the license plates.

### 2. Deprivation of Property

Satkowiak also alleges that she has been deprived of her property interest in her metal license plate. She contends that she had a possessory property interest in the metal license plate that was confiscated without due process. In support of that argument, she cites *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which held that a taking of possessory interests in household items pursuant to a writ of replevin was subject to due process protections. *Id.* at 89–90. But, here, unlike *Fuentes,* Satkowiak's property interests are largely intact. In fact, Satkowiak has not alleged a loss of her driving privileges in any respect. *Cf. Bell,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. Rather, she complains simply about the type of license plate that she must use as evidence of those driving privileges. Also, Satkowiak fails to acknowledge that under the Michigan Compiled Laws § 257.904c(1), her metal license plate was subject to confiscation and substitution upon the driver's detention for a traffic

offense where immobilization of the vehicle is required. *See* MICH. COMP. LAWS § 257.904c. Thus, the property interest that Satkowiak held in her metal license plate did not include the right not to forfeit the license plate upon detention for a vehicle immobilization offense. For that reason, there is no "significant taking of property by the State" to bring this action "within the purview of the Due Process Clause." *Fuentes,* 407 U.S. at 86. Consequently, by failing to state a significant property deprivation, Satkowiak again fails to state a claim under the Due Process Clause.

## C. The Bay County Sheriff's Department Capacity To Be Sued

The Sheriff's Department argues that it cannot be sued under Michigan law. In light our conclusion that Satkowiak fails to state a § 1983 claim, we need not address the capacity-to-be-sued defense to affirm the district court's dismissal of Satkowiak's complaint against the Bay County Sheriff's Department.

## III.

For the above reasons, Satkowiak fails to state a claim for relief and as a result, we AFFIRM the district court's dismissal of her complaint.