**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bina PATEL, Defendant–Appellant.**

No. 86–3062.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 1987.

Decided Dec. 10, 1987.

Gerald M. Werksman, Chicago, Ill., for defendant-appellant.

David J. Stetler, Asst. U.S. Atty., Anton Valukas, U.S. Atty., James R. Ferguson, Sheldon T. Zenner, Chicago, Ill., for plaintiff-appellee.

Before POSNER, COFFEY, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

The government's motion to dismiss this appeal with respect to two counts of an indictment raises potentially recurrent questions not previously decided in a reported opinion.

Count 1 charged Bina Patel with conspiracy to commit arson (18 U.S.C. § 371), Count 2 with arson (18 U.S.C. § 844(i)), and Count 7 with making a false statement to a federal agent (18 U.S.C. § 1001). A jury found Patel guilty on these three counts only. On October 24, 1986, the judge sentenced her on Counts 1 and 2 (to 30 days in prison, and to five years of probation plus 250 hours of community service, respectively), but deferred sentencing her on Count 7 and also entered a stay of execution of the sentences on Counts 1 and 2, saying that he would decide whether to grant bail

pending appeal after he disposed of Count 7. Five days later the clerk of the district court docketed the judge's order of October 24 reciting the judgment of conviction and the sentences on Counts 1 and 2. On December 1 the judge sentenced Patel to a term of probation on Count 7 to run concurrently with the sentences on Counts 1 and 2. Later he granted bail pending appeal. On November 21 he had entered a decree against Patel and her husband forfeiting a $200,000 bond, the husband (a defendant with his wife in the criminal case) having become a fugitive from justice.

On December 10, Patel's counsel filed the following notice of appeal:

PLEASE TAKE NOTICE that the defendant Bina Patel appeals to the Circuit [sic] Court of Appeals of [sic] the Seventh Circuit from the bond forfeiture liability judgment of $200,000.00 and her conviction and sentence imposed by the Hon. James Moran in the United States District Court for the Northern District [of Illinois] on December 1, 1986.

Despite the wording of the notice, the brief filed by Patel's counsel challenges Patel's convictions on Counts 1 and 2 as well as on Count 7. When the government received the brief, it asked us to dismiss the appeal with regard to those two counts.

██ The government makes two arguments. The first is that the sentences meted out on Counts 1 and 2 on October 24 were a final judgment (the sentence in a criminal case is the final judgment, *Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956)), so that if Patel wanted to challenge her convictions on those counts she had to file her notice of appeal no later than ten days after October 24. Fed.R.App.P. 4(b). We disagree. This is a single criminal case, not three cases by virtue of the jury's having convicted the defendant of three different counts of the indictment. Not only was there only one indictment, there was only one trial. The proceedings in the district court were not over until the judge completed sentencing on all the counts on which Patel was convicted, and that was not until December 1.

To allow separate appeals from each sentence would multiply proceedings in this court—a highly undesirable result in this era of swollen appellate caseloads. We hold that, in the unusual case of piecemeal sentencing of the same defendant under different counts in a single indictment and trial, the time to appeal runs from the entry of the last sentence. (This of course is the rule in civil cases. See Fed.R.Civ.P. 54(b).) Otherwise we might be faced with seriatim appeals involving closely related facts, and both the parties and this court would be burdened for no purpose.

In *Corey v. United States*, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963), which involved the statute (now 42 U.S.C. § 4205(c)) that authorizes the judge to impose the maximum sentence, then resentence the defendant later after receiving a report from the Bureau of Prisons, the Supreme Court held that the defendant could appeal within ten days after either the first or the second sentence. But that was not a case of different sentences entered at different times on different counts. We can find no reported decision on when the appeal must be filed in such a case, and the relevant statutes and rules are silent on the question. Perhaps Congress or one of the federal-rules committees will want to dispel the ambiguity surrounding this question, but meanwhile we think the best solution is to make the time to appeal run from the last sentence when as in this case the defendant is sentenced at different times on different counts of the same indictment tried at the same time to conviction.

██ The government's second argument for the dismissal of Patel's appeal is that the wording of her notice of appeal confines the appeal to the December 1 sentence (plus the bond forfeiture, but that is not mentioned in the appeal brief). Rule 3(c) of the Federal Rules of Appellate Procedure provides that the notice of appeal "shall designate the judgment, order or part thereof appealed from." We have held, following the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962), that "an error in designating the judgment

or a part thereof will not result in a loss of appeal if the intent to appeal from the judgment complained of may be inferred from the notice and if the appellee has not been misled by the defect." *Cardoza v. Commodity Futures Trading Comm'n,* 768 F.2d 1542, 1546 (7th Cir.1985). Unlike the government, we do not consider this a case of error. Ordinarily an appeal from a final judgment brings up for review all previous orders entered in the case. If as we believe the sentence imposed on December 1 was the final judgment, a notice of appeal designating the December 1 sentence as the judgment to be appealed from was sufficient notice that the defendant intended to appeal from the earlier sentences as well. No negative inference can be drawn from the specific mention of one of the previous orders in the case, the bond forfeiture. The proceeding to forfeit a bond is a civil proceeding and is subject to the rules applicable to civil rather than criminal appeals. *United States v. Santiago,* 826 F.2d 499, 502–03 (7th Cir.1987). Of course a criminal defendant cannot extend the ten-day deadline for appealing from the criminal judgment by appealing at the same time from an order forfeiting bond.

It is possible that by referring to the "sentence imposed ... on December 1," rather than to the judgment of December 1, Patel's lawyer really did mean to appeal from just the last of the three sentences, though he vigorously denies this and it seems unlikely, if only because the last sentence was the lightest. But in any event ambiguities are resolved against forfeiture of the right to appeal from a criminal judgment.

The motion to dismiss the appeal is

Denied.