**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert DANIELS, Defendant–Appellant.**

No. 87–2897.

United States Court of Appeals,
Seventh Circuit.

Submitted March 21, 1988.

Decided April 25, 1988.

---

statements on his income tax returns; all these offenses had been charged in a single indictment. Shortly after the verdict came down, the Supreme Court decided *McNally v. United States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), limiting the scope of the mail fraud statute. On the strength of *McNally* the district judge in Daniels' case set aside the verdict on all but the tax counts; as to these he sentenced Daniels to a term of prison, and Daniels then filed the appeal that he wishes to withdraw. The government later reindicted Daniels for racketeering, and it was this action that precipitated the motion to withdraw.

The difference between this case and *Patel* should be plain. In *Patel* the defendant was tried and convicted on several counts all in the same indictment, and the judge imposed sentence on the different counts at different times. The case was not over in the district court until the last sentence was imposed. There are two cases against Daniels. The first wound up when the district judge, following the trial, dismissed some of the counts of which Daniels had been convicted and sentenced him on the rest. That case was over and done with and the time to appeal began to run. Then a new case began. The new case arises out of the same facts as the old one but it *is* a new case, and nothing in *Patel* authorizes a defendant to postpone the appeal of one case merely because related cases are pending against him.

Daniels has conditioned his motion to withdraw his appeal on his being allowed to refile it later, when the new case is resolved. He cannot refile it then, the condition fails, and the motion to withdraw is therefore DENIED.

David F. Platek, Chicago, Ill., for defendant-appellant.

Victoria J. Peters, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, and WOOD, and POSNER, Circuit Judges.

PER CURIAM.

Mr. Daniels' motion to dismiss his appeal from a criminal conviction, without prejudice to refiling the appeal later, requires us to interpret our recent opinion in *United States v. Patel,* 835 F.2d 708 (7th Cir.1987). There we held that in the case of "piecemeal sentencing of the same defendant under different counts in a single indictment and trial, the time to appeal runs from the entry of the last sentence." *Id.* at 709. To similar effect see *United States v. Wilson,* 440 F.2d 1103 (5th Cir.1971). Daniels argues that *Patel* deprives us of jurisdiction over the present appeal and thus requires him to withdraw it.

A jury convicted Daniels, a "Greylord" defendant, of racketeering, racketeering conspiracy, mail fraud, and making false