UNITED STATES of America, Plaintiff–Appellee,

v.

Harry C. KAUFMANN, Defendant–Appellant.

No. 91–2294.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1991.

Decided Jan. 7, 1992.

Mel S. Johnson, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Marna M. Tess–Mattner, Franklyn M. Gimbel, Kathryn A. Keppel, Raymond M. Dall'Osto, Gimbel, Reilly, Guerin & Brown, Milwaukee, Wis., for defendant-appellant.

Before CUMMINGS and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

A grand jury indicted Harry Kaufmann on four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B) and one count of attempted money laundering in violation of 18 U.S.C. § 1956(a)(3)(B). In counts one through four Kaufmann was alleged to have conducted automobile sales involving the proceeds of drug trafficking, knowing that the money involved was the proceeds of unlawful activity and that the transactions were designed to conceal the nature and source of those proceeds. Counts one and two involved sales to Jerome Mann and Billy Cannon, respectively. Counts three and four involved two sales to James Verser. In count five Kaufmann was alleged to have attempted to sell an automobile, with the intent to conceal the source and nature of the funds involved, to an undercover IRS investigator who represented those funds to be the proceeds of specified unlawful activity. The jury returned a verdict of not guilty on counts one and two and a verdict of guilty on count five. The jury was unable to reach a verdict on counts three and four, and Judge Warren granted a mistrial as to those counts. Kaufmann was sentenced to 46 months in prison and a $30,000 fine on count five. Judge Warren stayed execution of the sentence pending appeal.

Kaufmann now appeals, asking this court to reverse his conviction on count five and dismiss the outstanding indictment as to counts three and four. We must first address the question of appellate jurisdiction, however.

## JURISDICTION

### A. Counts Three & Four

■ "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937). Since Kaufmann has not been judged guilty on counts three and four and, therefore, has not been sentenced on those counts, the judgment cannot be final and appealable as to those counts. Counts three and four resulted in a hung jury and a mistrial. The judgment is obviously not final as to counts of the indictment which remain outstanding. *See, United States v. Carey*, 475 F.2d 1019, 1021 (9th Cir.1973) (jury unable to reach verdict on two counts and mistrial declared on those counts did not make those counts final and appealable); *United States v. Carnes*, 618 F.2d 68 (9th Cir.), *cert. denied* 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980) (denial of motion for acquittal made after hung jury mistrial was not final, appealable decision). This court does not have jurisdiction to consider defendant's challenges to counts three and four.

We note that on April 26, 1991, upon motion of both parties Judge Warren granted a motion to stay further proceedings on counts three and four pending appeal. Both parties asserted that the stay

was permissible under the Speedy Trial Act as a continuance granted at the request of both parties under 18 U.S.C. § 3161(h)(8)(A). Because the government asserted that it did not anticipate further prosecution of counts three and four in the event of affirmance on count five, Judge Warren found that the continuance was in the best interests of the defendant, the United States, and the public and granted the stay. App.Rec. at 111. At this point, however, any issues related to the Speedy Trial Act are not before this court.

*B. Count Five*

■■■ The fact that counts three and four are unresolved prevents our jurisdiction over the appeal from the sentence on count five as well. The courts of appeal have jurisdiction over appeals from "all final decisions of the district courts." 28 U.S.C. § 1291 (1991). "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation ... on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" *Berman*, 302 U.S. at 213, 58 S.Ct. at 166 (quoting *St. Louis, I.M. & S.R. Co. v. Southern Express Co.*, 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883)). Kaufmann was convicted and sentenced on count five, but that did not terminate the litigation. The indictment remains outstanding as to counts three and four. "[A] defendant may not appeal a single count until final judgment is imposed upon all the counts that were considered together in a single criminal trial." *United States v. Kalinowski*, 890 F.2d 878, 882 n. 5 (7th Cir.1989). Otherwise, this court would be required to hear multiple appeals on the closely-related counts in one indictment, thus burdening the legal system for no purpose. *See, United States v. Patel*, 835 F.2d 708, 709 (7th Cir.1987). The policy against piecemeal appellate review is at its strongest in criminal cases. *Flanagan v. United States*, 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984).

In *United States v. Kalinowski* this court dismissed a criminal appeal for lack of appellate jurisdiction. Kalinowski was found guilty by a jury on two counts, but the district court sentenced him only on one count and dismissed the other count. The government timely brought a motion for reconsideration in the district court. While that motion was pending, Kalinowski appealed to this court. We held that the filing of a motion for reconsideration rendered the district court's judgment non-final and deprived this court of jurisdiction. *Kalinowski*, 890 F.2d at 881–82; *Accord, United States v. Healy*, 376 U.S. 75, 78, 84 S.Ct. 553, 555, 11 L.Ed.2d 527 (1964). Similarly, the mistrial leaves counts three and four unresolved. Therefore, there is no final, appealable judgment.

## SENTENCING

■■■ Judge Warren sentenced Kaufmann pursuant to the Sentencing Guidelines on count five. The sentence cannot be executed, however, until there is a final judgment on all counts of the indictment. In civil cases the lack of a final judgment prevents execution of a judgment on one claim. *Redding & Co. v. Russwine Constr. Corp.*, 417 F.2d 721, 727 (D.C.Cir. 1969). A judgment which lacks finality cannot authorize the imprisonment of a defendant. *Kalinowski*, 890 F.2d at 882 (Fairchild, *J.*, concurring). In the civil context Rule 54(b), Fed.R.Civ.P., provides a safety valve. It permits a district court to make final a judgment fully disposing of one or more, but less than all claims. The Federal Rules of Criminal Procedure do not provide an analogous opportunity. It would be particularly unfair to subject a defendant to imprisonment or other punishment without any right to appeal. *See*, 28 U.S.C. § 1291 (1991) (creating statutory right to appeal final decisions of district courts). Judge Warren stayed execution of the sentence pending appeal.

■■■ The Sentencing Guidelines have introduced a new problem into a situation like the one before us. When a defendant has been convicted on more than one count, certain grouping rules apply in determining the offense level. United States Sentencing Commission, *Guidelines Manual*,

§ 3D1.1 (Nov.1989). Where conviction on one count of an indictment has occurred at an earlier time than conviction on other counts, we think that logic requires that § 3D1.1 be applied to all counts. Perhaps the simplest way of doing it in the case before us, assuming conviction on count three or four, would be to vacate the sentence on count five and sentence on all counts at once. We suggest that in future cases like the present one the district court should not pronounce any sentence until it has disposed of all counts.

## CONCLUSION

If counts three and four of the indictment are dismissed upon the government's motion, and if the defendant again files a notice of appeal, then in the interests of judicial economy the same panel will decide the appeal on the same briefs, without further oral argument.

The appeal is DISMISSED.