**UNITED STATES of America**

v.

**Merritt G. STANSFIELD, Jr., Defendant.**

**No. 3:CR–94–0138.**

United States District Court,
M.D. Pennsylvania.

May 22, 1995.

Kim Douglas Daniel, Asst. U.S. Atty., Harrisburg, PA, for the U.S.

Joshua D. Lock, Harrisburg, PA, for defendant.

## ORDER

McCLURE, District Judge.

**BACKGROUND:**

On June 14, 1994, a grand jury sitting in the Middle District of Pennsylvania returned a twelve-count indictment against defendant Merritt G. Stansfield, Jr. The indictment charges defendant with: mail fraud (Counts I–IV); use of fire to commit a federal felony (Count V); engaging in monetary transactions in property derived from specified unlawful activity (Counts VI–X); and witness tampering (Count XI). The indictment also states a count for forfeiture of property derived from money laundering (Count XII).

Following presentation of the evidence to the jury, the jury began deliberating on Monday, May 8, 1995. Deliberations continued until Wednesday, May 17, 1995, at which time the jury indicated that it was deadlocked on at least some of the counts of the complaint, and that further deliberation would be futile. The jury did indicate, however, that it wished to return a partial verdict. *See United States v. White,* 972 F.2d 590, 595 (5th Cir.), *reh'g denied,* 977 F.2d 576 (5th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1651, 123 L.Ed.2d 272 (1993). The

jury then returned verdicts of guilty as to Counts I, II, III, VI, VII, and XI. Defendant waived his right to a jury trial as to Count XII, and the court returned a verdict in favor of the government. That Count related to forfeiture of a boat and trailer purchased by defendant, as charged in Counts VI and VII. The court declared a mistrial as to Counts IV, V, VIII, IX, and X of the indictment.

The court then in open court orally fixed July 10, 1995 as the date for jury selection in any retrial of Counts IV, V, VIII, IX and X of the indictment. This written order memorializes that oral order.

A question now arises as to the setting of a date for sentencing on those counts for which the jury returned verdicts.

### DISCUSSION:

In considering the issue of the date of sentencing, there are two major concerns. The first is that of the effect of a sentencing upon the litigation of an appeal in the Court of Appeals for the Third Circuit. The second is that of the operation of the Sentencing Guidelines.

There is a longstanding policy in the federal courts of avoiding piecemeal litigation. *Apex Fountain Sales, Inc. v. Kleinfeld,* 27 F.3d 931, 935 (3d Cir.1994) (citing *Van Cauwenberghe v. Biard,* 486 U.S. 517, 517–522 n. 3, 108 S.Ct. 1945, 1946–1949 n. 3, 100 L.Ed.2d 517 (1988); *Catlin v. United States,* 324 U.S. 229, 233–234, 65 S.Ct. 631, 633–634, 89 L.Ed. 911 (1945)). Obviously, sentencing defendant on the counts for which verdicts were returned would violate this policy, since a final judgment would be entered on the date of sentencing, while the court will not have disposed of the remaining counts. The fact that the Third Circuit would not yet have jurisdiction over the remaining counts pending their disposition (whether by dismissal, acquittal or conviction and sentence) also impacts this consideration.

Under the Sentencing Guidelines promulgated by the United States Sentencing Commission, certain "grouping" rules apply to closely related counts in determining the offense level. *See esp.* USSG § 2F1.1 (offenses involving fraud and deceit); § 2S1.2 (engaging in monetary transactions in property derived from specified unlawful activity); § 3D1.2(d) (grouping rules apply to offenses covered by §§ 2F1.1, 2S1.2). Since all of the fraud and unlawful monetary transactions counts relate to one course of conduct, grouping cannot be accomplished until verdicts have been returned as to all such counts.

This problem was faced by the Seventh Circuit in *United States v. Kaufmann,* 951 F.2d 793 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2350, 124 L.Ed.2d 259 (1993), in which the indictment charged four counts of money laundering (counts one through four) and one count of attempted money laundering (count five). The jury returned verdicts of not guilty on counts one and two, and guilty on count five. The jury deadlocked as to counts three and four, and a mistrial was declared. The trial court sentenced the defendant on count five and stayed execution of sentence pending appeal. On appeal, the defendant sought reversal of the conviction and dismissal of the remaining counts, three and four. 951 F.2d at 794.

The Seventh Circuit first held that it had no jurisdiction to entertain the defendant's challenge to counts three and four because no final judgment had been entered on those counts or on speedy trial issues related to sentencing. 951 F.2d at 794–795.

The Seventh Circuit then held that it did not have jurisdiction over the appeal of count five, since a defendant may not appeal until final judgment has been entered as to all counts of an indictment that have been considered together in one trial. 951 F.2d at 795. Otherwise, there would be burdensome, piecemeal litigation. With counts three and four unresolved, there was no appellate jurisdiction. *Id.*

Next, the Seventh Circuit pointed out that a sentence could not be executed prior to the entry of a final, appealable judgment. The stay of execution of the sentence by the district court, therefore, was proper. *Id.*

Finally, the Seventh Circuit noted the impact of the Sentencing Guidelines, stating:

The Sentencing Guidelines have introduced a new problem into a situation like the one before us. When a defendant has

been convicted on more than one count, certain grouping rules apply in determining the offense level. United States Sentencing Commission, *Guidelines Manual,* § 3D1.1 (Nov. 1989). Where conviction on one count of an indictment has occurred at an earlier time than conviction on other counts, we think that logic requires that § 3D1.1 be applied to all counts. Perhaps the simplest way of doing it in the case before us, assuming conviction on count three or four, would be to vacate the sentence on count five and sentence on all counts at once. We suggest that in future cases like the present one the district court should not pronounce any sentence until it has disposed of all counts.

951 F.2d at 795–796.

█ Identical considerations are involved in the instant case. Imposition of sentence as to Counts I, II, III, VI, VII and XI would be final judgment as to those counts, but not appealable because of the outstanding counts. Even assuming appellate jurisdiction, imposition of sentence (and thus entry of final judgment) would violate the policy against piecemeal litigation.

Moreover, the outstanding counts for fraud and engaging in illegal monetary transactions complicates grouping for the purposes of the operation of the Sentencing Guidelines, since some of the outstanding counts as well as those counts for which verdicts have been returned are subject to grouping rules. Staying execution of a sentence on the disposed-of counts would not alleviate this problem, since those counts are subject to grouping with some of the outstanding counts.

For these reasons, sentencing, as well as the preparation of the presentence investigation report pursuant to Fed.R.Crim.P. 32(b), will be deferred until disposition of all counts of the indictment. This deferral does not constitute unreasonable delay in the imposition of sentence, *see* Fed.R.Crim.P. 32(a), based upon the same concerns and considerations. *Cf. United States v. Campisi,* 583 F.2d 692, 693–694 (3d Cir.1978) (delay of five months between guilty plea and sentencing not unreasonable when delay due in part to deferral so that all defendants named in one indictment could be sentenced at one time).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Jury selection with respect to any retrial of Counts IV, V, VIII, IX, X and any remaining relevant portion of XII (forfeiture) of the indictment is fixed for Monday, July 10, 1995, at 9:30 a.m., in Courtroom No. 1, Fourth Floor, Federal Building, 240 West Third Street, Williamsport, Pennsylvania.

2. Counsel for the government shall file on or before June 5, 1995 a notice advising the court of its intention as to retrial or other disposition of the remaining counts.

3. Sentencing with respect to Counts I, II, III, VI, VII, XI and XII is held in abeyance pending disposition of the remaining counts of the indictment.

4. The preparation of a presentence report pursuant to Fed.R.Crim.P. 32(b)(1) shall be deferred pending disposition of the remaining counts of the indictment, and preparation of the presentence report will be directed by the court at such time.