165 F.3d 34
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Quan J. RAY, also known as Q, Defendant-Appellant.
 No. 97-4237.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 11, 1998.
Decided Oct. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois Eastern Division. No. 96 CR 379. Suzanne Conlon, Judge.
 Before Honorable WALTER J. CUMMINGS, Honorable JOEL M. FLAUM, Honorable ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Quan Ray was convicted by a jury of participating in a drug conspiracy in violation of 21 U.S.C. § 846, murder of a federal witness in violation of 18 U.S.C. §§ 1121(a)(2) and 2, murder in furtherance of a continuing criminal enterprise in violation of 21 U .S.C. § 848(e)(1)(A), and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Ray to life without the possibility of release for the murder counts, but stayed sentencing of the drug counts pending Ray's appeal of the murder convictions. At the time of the sentencing hearing, Ray and the government were apparently disputing the proper application of the Sentencing Guidelines to the drug counts. The district court decided that, because Ray intended to appeal the murder conviction, it was a waste of judicial resources to hold a hearing on the drug counts at that time, and thus stayed sentencing on those counts. After the district court sentenced him on the murder counts, Ray appealed.
 
 
 2
 We must dismiss Ray's appeal, however, because we do not have jurisdiction to hear an appeal when there is no final judgment, absent special circumstances that are not present in this case. See 28 U.S.C. §§ 1291 and 1292; United States v. Kaufmann, 951 F.2d 793, 794-95 (7th Cir.1992). We have jurisdiction over appeals from "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. In a criminal case, the final decision or judgment is the sentence. Kaufmann, 951 F.2d at 794. A judgment is final for the purposes of an appeal when the litigation is terminated on the merits and all that remains is to enforce by execution what has been determined. Kaufmann, 951 F.2d at 795. We reiterated in Kaufmann that a defendant may not appeal a single count until final judgment is imposed on all the counts that were considered together in a single criminal trial. Otherwise, this Court would be forced to hear multiple appeals on closely-related counts, burdening the Court for no reason. "The policy against piecemeal appellate review is at its strongest in criminal cases." Id. We have no jurisdiction to hear the appeal until the district court sentences Ray on all of the counts that were tried together. Once that occurs, Ray may bring his appeal again. The time to appeal runs from the entry of the last sentence the district court imposes. See United States v. Patel, 835 F.2d 708, 709 (7th Cir.1987).
 
 
 3
 DISMISSED.