**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 26, 2008[*]
Decided May 1,  2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2463

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF ILLINOIS, *Plaintiffs-Appellees*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 03 C 3216 |
| SERGIUS A. RINALDI, doing business as SERGIUS A. RINALDI, P.C., *Defendant-Appellant*. | Jeanne E. Scott, *Judge*. |

**O R D E R**

Over a period of years Dr. Sergius Rinaldi, an orthodontist, obtained Medicaid reimbursements for services he never performed. In 2001 the United States charged him with mail fraud and obstructing its criminal investigation, and Rinaldi pleaded guilty to

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

both offenses. He later tried to withdraw his pleas; this effort stalled the criminal case for an extended period. Rinaldi eventually was sentenced to a total of 21 months' imprisonment, and we affirmed his convictions and sentence in 2006. See *United States v. Rinaldi*, 461 F.3d 922 (7th Cir. 2006).

Meanwhile, in 2003 the United States, joined by the State of Illinois, brought a parallel civil action for damages and statutory penalties arising from Rinaldi's overcharges. Rinaldi asked the district court to stay the civil proceeding so that he could focus on the criminal case, and the court obliged him. In September 2006, a month after this court affirmed the judgment in the criminal case, the United States moved to lift the stay. Rinaldi received an extension of time to respond, but he filed nothing. The district court thus deemed the motion unopposed, and in December 2006 it lifted the stay and directed Rinaldi to file an answer to the complaint within 60 days. Rinaldi did not file an answer. Instead, in February 2007 he submitted a long-overdue opposition to lifting the stay. Rinaldi did not offer an excuse for his dilatory response, and his only asserted basis for leaving the stay in place—or, more accurately, reinstating the stay—was that his petition to the Supreme Court for a writ of *certiorari* to review our judgment was still pending. The district court declined to stay the civil case any longer, and because Rinaldi by then had missed the deadline for filing an answer, it invited the plaintiffs to move for entry of a default. They did, and it was entered. Rinaldi sought to have the default set aside, see FED. R. CIV. P. 55(c), but the district court denied his motion and later entered a default judgment for the plaintiffs in the amount of $235,054.

On appeal Rinaldi argues that the district court erred in lifting the stay and in denying his motion to set aside the entry of default. We review decisions concerning stays for abuse of discretion. *Tyrer v. South Beloit*, 516 F.3d 659, 666 (7th Cir. 2008); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). The same standard governs our review of rulings on motions to set aside the entry of a default. *Sun v. Univ. of Ill.*, 473 F.3d 799, 809-810 (7th Cir. 2007).

As to the stay, Rinaldi presses his contention that the criminal case was not over, and thus the stay should not have been lifted so long as his petition for *certiorari* remained pending (that petition was denied on December 3, 2007). But Rinaldi's premise is wrong; the district court stayed the civil case "until the entry of final judgment in the criminal case," and that event occurred when the district court entered its judgment of conviction, see FED. R. CRIM. P. 32(k), not when the Supreme Court acted on his petition for a writ of *certiorari*. See *Bradley v. United States*, 410 U.S. 605, 609 (1973); *United States v. Kaufmann*, 951 F.2d 793, 794 (7th Cir. 1992). More importantly, Rinaldi did not oppose the motion to lift the stay until five months after it was filed and two months after it was granted. The district court lifted the stay because Rinaldi did not offer any objection to its doing so. Rinaldi had requested

the stay so that he could devote his resources to defending against the criminal charges. When he did not object to the government's motion, the district court reasonably concluded that Rinaldi was no longer interested in maintaining the stay. We cannot see how, under these circumstances, the district court abused its discretion in lifting the stay.

To the extent that Rinaldi argues that the entry of default should have been set aside, that argument also fails. To have prevailed on his motion (which Rinaldi mislabeled as a motion under FED. R. CIV. P. 60(b) instead of Rule 55(c)), Rinaldi was required to show (1) good cause for his default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun*, 473 F.3d at 809-10. The district court was well within its authority to conclude that Rinaldi had not shown any of these things.

AFFIRMED.